**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GREGORY  R. HOLMES,
                Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
                Agency.

DOCKET NUMBER
AT-0752-12-0705-X-1

DATE: September 11, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas F. Muther, Jr., Esquire, Denver, Colorado, for the appellant.

Crystal G. Buttimer, Robins Air Force Base, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The administrative judge issued an initial decision on March 4, 2014, recommending that the Board find, under the Board's regulations in effect at that time, the agency in noncompliance with the Board's August 22, 2013 Final Order,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

and the matter was referred to the Board for consideration.[2]  MSPB Docket No. AT-0752-12-0705-C-1, Compliance Initial Decision (CID) (March 4, 2014). *See* 5 C.F.R. § 1201.183.

¶2     The appellant filed a petition for enforcement alleging that the agency had failed to fully comply with the Board's Final Order.  The administrative judge ordered the agency to cancel the appellant's removal, effective June 26, 2012, and substitute in its place a letter of reprimand.  CID at 2.  The administrative judge also ordered the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits.  CID at 3.

¶3     On July 25, 2014, the agency submitted documentation showing that the appellant was returned to his pre-separation position of Sheet Metal Worker, WF-3806-06, effective June 26, 2012.  MSPB Docket No. AT-0752-12-0705-X-1, Compliance Referral File (CRF), Tab 6 at 13.  The agency also submitted documentation showing that it paid the appellant back pay for the period between June 27, 2012, and November 12, 2012.  The appellant was paid $19,438.61 in gross back pay, and $961.93 in interest.  CRF, Tab 6 at 17-31.  The appellant did not respond to the agency's submission.

¶4     In light of the agency's evidence of compliance, and the appellant's failure to respond, we find the agency in compliance and DISMISS the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  5 C.F.R. § 1201.183(c)(1).

---

[2] Except as otherwise noted in this decision, we have applied the Board's regulations that became effective November 13, 2012.  We note, however, that the petition for enforcement in this case was filed before that date.  The revisions to 5 C.F.R. § 1201.183 do not affect our consideration of the merits of this compliance proceeding.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.